# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:20CR347 |
| v. | : | |
| | : | |
| EMMANUEL OLAKUNLE ATOYEBI | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, EMMANUEL OLAKUNLE ATOYEBI, in his own person and through his attorney, Kathleen A. Gleason, and state as follows:

1. The defendant, EMMANUEL OLAKUNLE ATOYEBI, is presently under Indictment in case number 1:20CR347, which charges him in Count One with a violation of Title 18, United States Code, Section 611(a), in Count Two with a violation of Title 18, United States Code, Section 1425(a), in Count Three with a violation of Title 18, United States Code, Section 1546(a), and in Count Four with a violation of Title 18, United States Code, Section 1001(a)(2).

2. The defendant, EMMANUEL OLAKUNLE ATOYEBI, will enter a voluntary plea of guilty to Count One and Count Four of the Indictment herein. The nature of these charges and the elements of these charges, which must be

proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a.      The defendant, EMMANUEL OLAKUNLE ATOYEBI, understands that the maximum term of imprisonment provided by law for Count One of the Indictment herein is not more than one year, and the maximum fine for Count One of the Indictment herein is $100,000.  If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, EMMANUEL OLAKUNLE ATOYEBI, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process.  The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b.      The defendant, EMMANUEL OLAKUNLE ATOYEBI, also understands that the Court may include as a part of the sentence, as to Count One of the Indictment herein, a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment pursuant to Title 18, United States Code, Section 3583.

2

c. The defendant, EMMANUEL OLAKUNLE ATOYEBI, understands that the maximum term of imprisonment provided by law for Count Four of the Indictment herein is not more than five years, and the maximum fine for Count Four of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, EMMANUEL OLAKUNLE ATOYEBI, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

d. The defendant, EMMANUEL OLAKUNLE ATOYEBI, also understands that the Court may include as a part of the sentence, as to Count Four of the Indictment herein, a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment pursuant to Title 18, United States Code, Section 3583.

e. The defendant, EMMANUEL OLAKUNLE ATOYEBI, further understands that the sentence to be imposed upon him is within the

3

discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

f. The defendant, EMMANUEL OLAKUNLE ATOYEBI, understands that if he is not a citizen of the United States that entering a plea of guilty to Count One and Count Four may have adverse consequences with respect to his immigration status. Under federal law, the offenses to which defendant is pleading guilty may be removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant, EMMANUEL OLAKUNLE ATOYEBI, understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant, EMMANUEL OLAKUNLE ATOYEBI,

4

having been apprised of possible immigration consequences resulting from his guilty plea, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences that might result from his guilty plea, even if such consequence might include automatic removal and possibly permanent exclusion from the United States or the inability in the future to obtain status as a citizen of the United States.

3.    By voluntarily pleading guilty to Count One and Count Four of the Indictment herein, the defendant, EMMANUEL OLAKUNLE ATOYEBI, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4.    The defendant, EMMANUEL OLAKUNLE ATOYEBI, is going to plead guilty to Count One and Count Four of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5.    The extent of the plea bargaining in this case is as follows:

5

a. Upon the acceptance by the Court of a guilty plea by the defendant, EMMANUEL OLAKUNLE ATOYEBI, to Count One and Count Four of the Indictment herein and the defendant (i) providing proof to the government that he has removed his name or de-registered from the North Carolina voter rolls and (ii) surrendering to the government his voter registration card and other documentation of registration, if any, provided to him by the board of elections, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment.

b. The defendant, EMMANUEL OLAKUNLE ATOYEBI, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, EMMANUEL OLAKUNLE ATOYEBI, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6

c. The defendant, EMMANUEL OLAKUNLE ATOYEBI, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, EMMANUEL OLAKUNLE ATOYEBI, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

d. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, EMMANUEL OLAKUNLE ATOYEBI, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, EMMANUEL OLAKUNLE ATOYEBI, pleads guilty and later seeks to withdraw his guilty plea (or seeks to directly appeal or collaterally attack his conviction), any statement made at the plea proceedings in

7

connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

e. The defendant, EMMANUEL OLAKUNLE ATOYEBI, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

f. The defendant, EMMANUEL OLAKUNLE ATOYEBI, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of the plea agreement. The defendant, EMMANUEL OLAKUNLE ATOYEBI, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

6. The defendant, EMMANUEL OLAKUNLE ATOYEBI, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon

8

judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, EMMANUEL OLAKUNLE ATOYEBI, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, EMMANUEL OLAKUNLE ATOYEBI, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, EMMANUEL OLAKUNLE ATOYEBI, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $25 for Count One and $100 for Count Four. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment

9

at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 11 day of January, 2021.

MATTHEW G.T. MARTIN
United States Attorney

MATTHEW G.T. MARTIN
NCSB #32814
United States Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
336/333-5351

/S/ CTB

KATHLEEN A. GLEASON
Attorney for Defendant

EMMANUEL OLAKUNLE
ATOYEBI
Defendant

10